fee pd. Rec # 150002556

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NATIONAL ORGANIZATION OF IRAQI
CHRISTIANS, TAHRIR S. KALASHO,
                              Plaintiffs,

                    VS.

YOUTUBE LLC, GOOGLE INC.,
ARABIC CHALDEAN HISPANIC ORGANIZATION,
CARSTOYSMOVIES, JANSON MEDIA INC.,
AMAZON, THAIR EMANUEL WARDIA,
STAVRO HAMAMA,STEVEN HANNA,
PURPH STUDIOS INC.,CHRISTOPHER NAFSU,
Jointly and Severally,
                              Defendants.

Case: 2:22-cv-12702
Assigned To : Michelson, Laurie J.
Referral Judge: Altman, Kimberly G.
Assign. Date : 11/8/2022
Description: CMP NATIONAL ORGANIZATION OF IRAQI
CHRISTIANS ET AL V YOUTUBE LLC ET AL (SS)

_____/

Attorney for the Plaintiffs,
Austin Hirschhorn, P.C President
Austin M. Hirschhorn P15001
26903 York Rd
Huntington Woods, MI  48070-1361
Mobile: (248) 613-6130
E-mail: austin@austinhirschhorn.com
Website: http://www.austinhirschhorn.com

_____/

**VERIFIED COMPLAINT AND DEMAND FOR A JURY TRIAL**
**THERE IS NO OTHER ACTION FILED AMONG THESE PARTIES**

## PARTIES

1)    **NOW COMES**, the Plaintiffs National Organization of Iraqi Christians

(hereinafter Plaintiff NOOIC) registered in the State of Michigan, and Plaintiff Tahrir S.

Kalasho (hereinafter Plaintiff Kalasho) also resides in the State of Michigan throughout the

entire time of the occurred events being described in this cause of action for continuing

violations of breach of binding contract agreement; causing Intentional Infliction of

Emotional Distress; and practicing Deceit, Fraud, Theft, and Misrepresentation and

Plaintiffs bring this cause of action through their respective attorney pursuant to violations

of the Fourth (IV), Fifth (V), Seventh (VII), Eighth (VIII), and the Fourteenth (XIV)

Amendment to the United States Constitutions. Plaintiffs bring their verified complaint

against Defendants #1 Youtube LLC (San Bruno, California), #2 Google Inc (Mountain

View, California), #3 Arabic Chaldean Hispanic Organization (Michigan) (hereinafter ACHO

[founder and person in charge is Defendant Wardia]), #4 CarsToysMovies (Worldwide, to

be determined via. discovery), #5 Janson Media Inc. (Tappan, New York), #6 Amazon

(Seattle, Washington), #7 Thair Emanuel Wardia (Michigan) (hereinafter Defendant

Wardia), #8 Stavro Hamama (Unknown to be determined (TBD) via. discovery) (hereinafter

Defendant Hamama), #9 Steven Hanna (unknownTBD via. discovery), #10 Purph Studio

Inc. (Michigan), and #11 Christopher Nafsu (unknown TBD via. discovery) (hereinafter

Defendant Nafsu), jointly and severally.

2) Plaintiffs asserts that it is undisputed that Defendant Google Inc. had purchased

Defendant Youtube LLC for $1.65 billion in November 2006,.Defendant Youtube LLC, is

fully owned by Defendant Google Inc, therefore, any financial profit is gained and

generated by Defendant Youtube LLC is collected by Defendant Google Inc. If Defendant

Google Inc. and/or Defendant Youtube LLC, may choose to claim that they were not

responsible or took part in Plaintiffs binding breach of contract violation agreement, this

2

assertion is inaccurate and not true, this scenario would encourage any and all fraudulent

parties with intent to steal another person platform, and property whether its 10% or 90%

ownership it is irrelevant per contract agreement. Defendant Google Inc, and Defendant

YouTube LLC, along with Defendant Amazon would be conspiring and aiding and abetting

with the perpetrators ripping off consumer victims, instead they must have certain

safeguards within their policies and/or procedures agreement with consumers, parties or

persons that they choose to do business with and would generating profits, gains and

benefits in order to prevent unlawful acts, and to protect other victims, protect the

consumers in every community, and put a solid safeguards for the entire public at large that

are within United States Territories, when doing business with individuals and businesses

as identified herein not to create more victims, by working and supporting the wrongdoers

that is acting in unlawful, deceitful, and illegal manner.

3) Plaintiffs should be protected from such illegal acts, where Defendants could have

provided safeguards with any party or person doing business and generating on-going

illegal profits, example Defendants Google Inc. and YouTube LLC, and defendant Amazon

it is strongly recommended to have policy and agreement in writing with anyone doing

business and generating money and profits, which should include the following but not

limited to: i) Are you the sole owner 100% shares of the videos? If not, whom else has any

shares and how much? ii) Are you the creator or did you purchase the videos? If not, who

is? iii) Does anyone besides yourself have any kind of legal rights to the videos? If so,

identify who has any rights to the videos and how much? iv) Do you agree that at no time

you obtained the rights to Carstoysmovies in a fraudulent manner, through any kind of

deceit, trickery, bribery or theft? v) Do you plan to sell any rights of the videos? If so, at

what cost per video? vi) Do you agree that at any time you change ownership, or sell

shares of the video in whole or in part that you would notify YouTube of the change of

ownership and provide full details of new ownership and cost of the sale? Had Defendants

Google Inc, Defendant Youtube LLC, and Defendant Amazon done as indicated above it

may have safeguarded the Plaintiffs from having their entitled share of profits protected.

4) Defendant Google Inc, and Defendant YouTube LLC, and Defendant Amazon

failed to protect Plaintiffs (see at ¶ 3 above), Defendant Google Inc, Defendant YouTube

LLC, and Defendant Amazon must realize that it is common practice to protect the

vulnerable, this occurred toward the Plaintiffs and unknown consumers at large, protect

from such wicked acts committed by fraudulent party Defendant Acho, Defendant Wardia,

Defendant Hamama, & Defendant Nefsu etc, and not to be taken advantage of, who plan

and choose to steal other victims same as Plaintiffs' belongings and uses Defendant

YouTube LLC and Amazon by doing business and generating money that would becomes

another victim such as Plaintiffs herein, than to be placed on platform of Defendants

Google Inc and Defendant Youtube LLC, and Defendant Amazon and illegally generate

financial profit and exclude the lawful rights of ownership of the victim herein (Plaintiffs).

There is no kind of safeguard from greedy Defendants Google Inc. and Defendant Youtube

LLC, and Defendant Amazon that would protect consumers and the public from future

pirate, scammers, and thieves as the Defendants herein have successfully prevailed in

their wrongful unlawful acts of stealing Plaintiffs NOOIC 50% entitled share of generated

financial profits per contractual agreement with Defendant ACHO and their business

partners the remaining Defendants described herein.. This same exact scenario and facts

also fully applies to Defendant Janson Media Inc. Defendants have acted in deliberate

manner with malice, in their greediness and gross negligence practicing deceit, trickery,

misrepresentation, and fraud, among other crimes such as theft, illegal seizure, causing

psychological injuries of mental anguish and emotional distress, and on-going financial

hardship and losses toward Plaintiffs..

## JURISDICTION

5) The U.S. District Courts have "original jurisdiction of all civil actions arising under

the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (Federal question

jurisdiction); also Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 (civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs and all the Plaintiffs are Residents of the State of Michigan, and most of

theDefendants are principal place of business headquarters incorporated in various states

outside the state of Michigan, some Defendants Headquarters are in the  states of

California, state of New York; and Washington state, the claim is in excess of $75,000).

Further, this Court has pendent jurisdiction and supplemental jurisdiction over the state and

federal law pursuant to 28 U.S.C. § 1367 (Supplement jurisdiction); Finally, jurisdiction may

also be invoked by Plaintiffs in the U.S. District Court pursuant to 9 U.S.C. § 203

(Jurisdiction; amount in controversy).

 6) Plaintiffs hereby invoke all the jurisdiction as being described at ¶ 5 above, also

the common laws, and the supplement and pendent jurisdiction of this court to hear and

decide their claims arising out of continued and ongoing violations of contractual binding

agreement between Plaintiffs and Defendants; also

42 U.S.C. § 2000d-7(a) General provision (2) In a suit ... for a violation ... (1), remedies (including
remedies both at law and in equity) are available for such a violation to the same extent as such
remedies are available for such a violation in the suit against any public or private entity other than
a State. In Franklin v. Gwinnett County Public Schools, 503 U.S. 60 (1992), The Court grounded
this holding in the "longstanding" presumption—articulated in Bell v. Hood, 327 U.S. 678, 684
(1946)—that "[w]here legal rights have been invaded, and a federal statute provides for a general
right to sue for such invasion, federal courts may use any available remedy to make good the wrong
done." Franklin, 503 U.S. at 66 (emphasis added) (citation omitted).

## **STATUTE OF LIMITATION**

 7) Plaintiffs assert that they are within the applicable Statute of Limitation in this

cause of action, they are governed pursuant to MCL § 600.5807 Damages for Breach of

Contract... (9) The period of limitations is 6 years for an action to recover damages or

money due for breach of contract that is not described in subsections (2) to (8).  also

see MCL § 600.5813 Other personal actions. All other personal actions shall be

commenced within the period of 6 years after the claims accrue and not afterwards unless

a different period is stated in the statutes. The Deadline of filing within the applicable

statute of limitation is 12-24-2023, the binding contract agreement between Plaintiffs and

Defendants began to take effect on 11-30-2016 the date where 100% of Defendant

Carstoysmovies was donated by the Defendant Purph Studios Inc. See **Exhibit #1**

presented by Defendant Christopher Nafsu as donated on 11-30-2016, to Defendant

ACHO, and per the binding contractual agreement between Defendant ACHO and Plaintiff

NOOIC the annual payments were to be made by Defendant ACHO to Plaintiff NOOIC one

week before 12-24-2017, allowing the statute of limitation to continue in this cause of action

and to expire on 12-24-2023, since the breach began at the moment in time where

payment of 50% share of financial profit were never made to Plaintiff NOOIC one week

before 12-24-2017. NOTE: Each and every time another payment is distributed between

Defendants by Co-Defendants a new breached violation occurs where a statute of limitation

may begin to accrue at the newly developed violation date. Note: Exhibit #1 was completely

prepared by Plaintiff Kalasho sent via. Email to Defendant ACHO, Defendant Wardia, and

Defendant Hamama:

From: **Tahrir Kalasho** <tkalasho@gmail.com>
Date: Mon, Nov 28, 2016 at 8:47 PM
Subject: Stavro Cease & Desist
To: Stavro Hamama <stavro319@yahoo.com>, Arabic Chaldean Hispanic Org <info@acho1.org>,
Stavro Hamama <Stavro319@hotmail.com>, Thair Wardia <twardia@hotmail.com>, Tahrir Kalasho
<tkalasho@gmail.com>
Stavro,
See New Cease & Desist in Word & PDF.
Thank you.

8) Plaintiffs have a binding contractual agreement that took full effect on 11-30-2016

and subsequently violated upon first assigned date for payment that was to take effect prior

to 12-24-2017 binding contract was fully enforced on 11-30-2016 and violated on

December of 2017 the binding contract agreement entitles Plaintiffs to have 50% full

ownership and including any and all generated funds, shares, profits and benefits to

continue and to remain enforceable indefinitely. The contract agreement is binding where

Plaintiffs is to receive any and all financial profits, proceeds, funds that have been

generated from the Defendants videos of CarsToysMovies https://www.youtube.com/c/carstoysmovies

and other methods such as sales of toys as it appears from Defendants there are

approx.1,000 videos and counting on Defendant Youtube LLC platform videos

Carstoysmovies please refer to Defendants' playlist https://www.youtube.com/c/carstoysmovies/playlists The

Defendants has chosen to illegally steal, takeaway and illegally forfeit Plaintiffs 50% entitled

shares of ownership of any and all financial profits, benefits, and shares that had actually

belonged to Plaintiff's NOOIC.

## **VENUE**

9) Plaintiffs invoke the full authority of District Court Federal Rules Civil Procedures

,Fed.R.Civ.P. Rule 82. Jurisdiction also Venue and DISTRICT COURTS; VENUE - 28 U.S.C. §

1391 (2012) (§1391. Venue generally: (a) Applicability of Section.—Except as otherwise

provided by law—(1) this section shall govern the venue of all civil actions brought in district

courts of the United States…) Plaintiffs assert that during all occurrences throughout the

entire time to leading to the date being described within Exhibit #1 occurred within and

inside the State of Michigan Eastern District Regional area. Contractual Agreement was

8

enforced on 11-30-2016 first breached on 12-24-2017 all agreements with Plaintiffs and

breach of agreements occurred within the State of Michigan E.D. Regional Area.

## **FACTUAL ALLEGATIONS**

10) The fact Plaintiffs have already produce herein, and will reveal more during

discovery it will show that it was Plaintiffs who secured for Defendant Hamama the out of

court settlement agreement see **Exhibit #2** to secure the ownership of Defendant

CarsToysMovies where 50% of all profits, funds, shares and ownership right to Plaintiffs. in

return the Defendants has illegally seized full ownership by stealing Plaintiffs' guaranteed

50% partnership right per the binding contract agreement the rights to own Defendant

Carstoysmovies videos, in order that Defendant ACHO along with Plaintiff NOOIC produce

the videos on Defendants' platform, and equally share the profits and benefits. Instead,

Defendants have stolen Plaintiffs' 50% share and rights, and have illegally generated

proceeds, financial income, financial profit and gains, cutting off Plaintiffs' entitled 50%

financial profits. Defendants' illegal, intentional, and continued wrongful acts committed

toward Plaintiffs causing psychological injuries of mental anguish and emotional distress,

resulting directly from the Defendants' intentional breach of contract have violated Plaintiffs

lawful rights, the Defendants' violations are continuing and on-going.

11) Plaintiffs are the only party to secure the Defendants' videos platform,

Defendants has intentionally violated the binding contractual agreement by breaching of the

same binding agreement by practicing, deceit, fraud and misrepresentation between all the

Defendants conspiring and in conjunction with one another causing Plaintiffs to be

financially hurt and psychologically disturbed and illegally steal Plaintiffs' financial 50%

entitled profits and shares, and benefits of all the funds and proceeds that was and

continue to be generated and any other benefits that Plaintiffs are unaware of, causing

intentional infliction of emotional distress upon Plaintiffs. See Defendants videos platform of

the financial amount gradually and constantly increasing the profit that are generating with

constant increase in profit revenue. https://au.youtubers.me/carstoysmovies/youtube-estimated-earnings

12) On or about May of 2016 Plaintiff Kalasho was contacted by Defendant Hamama

(Note: "Defendant Hamama had already contacted Defendant Wardia to assist, but

Defendant Wardia indicated there is nothing to be done, since Default was entered by the

court in than pending case" see Exhibit #2), to get Plaintiff Kalasho to work with Defendant

Hamama and to solve the contract dispute in regards to Defendant Hamama, regarding

Defendant Carstoysmovies Court dispute in RE; KRAWIECKI BARTLOMIEJ vs. HAMAMA

STAVRO, Case Number 2016-152346-CZ filed 04-05-2016 refer to Exhibit #2 supra Plaintiff

kalasho had agreed working relationship stemmed from May 2016 up until March of 2017.

Plaintiff Kalasho communicated with Defendant Wardia on a daily basis, on September of

2016 Defendant Wardia and Plaintiff Kalasho came to agree that to secure out of court

settlement certain conditions must be met, Primary condition is that Defendant Hamama

must dissolve by donation all rights, entitlements and ownership of Defendant

Carstoysmovies in full to a Non Profit 501(c)(3), refer to Exhibit #1 prior to Plaintiff Kalasho

securing the out of court settlement agreement, Defendant  Hamama agreed, later, Plaintiff

Kalasho was able to secure the out of court settlement for Defendant Hamama see Exhibit

#8, the agreement between Plaintiff Kalasho and Defendant Hamama was sealed and

finalized with success, other conditions were that Defendant Hamama can only receive

payment for employment as approved by the IRS plus up to $1,500 per created video,

depending on each of the video how much audience and viewers the video would attract,

and the full ownership will be Plaintiff NOOIC 50% with Defendant ACHO 50% an equal

share with both non profit, Defendant Hamama fully agreed, than intentionally violated this

agreement while acting in bad faith causing psychological injuries of mental anguish and

emotional distress upon Plaintiffs.

13) Plaintiff Kalasho is the first cousin of Defendant Wardia (relatives), on several

occasions in August and September of 2016 both have fully agreed that upon the donation

of 100% rights to ownership donated as a donation of all the rights and entitlements and

beneficiaries of Defendant Carstoysmovies posses is completely donated to Defendant

ACHO, that Defendant Wardia who is founder of Defendant ACHO,  would fully honor the

agreement in full the 50% ownership to Plaintiff NOOIC, and to receive equal share of 50%

ownership and to expect all forthcoming benefits and financial profits without any kind of

bad acts committed by Defendant ACHO and/or Defendant Wardia, see ¶¶ 3-4 above.

14) That each of the Non-profit Defendant ACHO and Plaintiff NOOIC would have

equal ownership of 50% Share (excluding any necessary bills),and that Plaintiff NOOIC

would be fully paid (annually) each year of its 50% share either 1-2 weeks prior to Christmas, first payment to Plaintiff NOOIC would have been 1-2 weeks prior to Christmas of 2017. The binding verbal contract agreement has been breached by Defendant ACHO and its founder Defendant Wardia,refer to ¶¶ 12-13 above. Defendant Acho and Defendant Wardia along with Defendant Hamama have a working pending and on-going contractual agreement with all of the other remaining Defendants included are Defendant Youtube LLC, Defendant Google Inc, Defendant Janson Media Inc, and Defendant Amazon for the sole purpose using Defendant Carstoysmovies and generating financial profits and benefits for all of the remaining Defendants, excluding Plaintiffs.

15) Plaintiffs assert that proof cannot be disputed as described above, where Defendants while having a working relationship with one another at the same time conspiring with one another in conjunction with each other at the same time Plaintiffs becomes a victims by Defendants' stealing of Plaintiffs entitled benefits under the binding contractual agreement, at the same time violate the Plaintiffs contractual agreement. Plaintiff Kalasho also has an endorsed binding contract partnership agreement with Defendants, and the same binding agreement will also be produced during discovery stages. Defendants' actions are and were always committed intentionally in order to hurt Plaintiffs, where Plaintiffs became victims of Defendats' intentional wrongful acts causing and inflicting various types of injuries both psychological and financial hurt causing psychological injuries of mental anguish and emotional distress.

16) That Plaintiff Kalasho did receive Email from Defendant Hamama identifying

Defendant Janson Media Inc. proposal for Defendant Amazon Platform Carstoysmovies,

see **Exhibit #3** and **Exhibit #4**, Defendant Hamama Email indicated as follows:

From: **Stavro Hamama** <stavro319@yahoo.com>
Date: **Tue, Jul 12, 2016 at 6:32 PM**
From: **Stavro Hamama** <stavro319@yahoo.com>
Subject: Amazon Video Direct
To: Tom Kalasho <tkalasho@gmail.com>

This company wants to promote and manage my videos on the new Amazon video direct,
They want to keep 20% of earning for them and give me 80% there website is
www.janson.com
**Janson Media Distribution** <distribution@janson.com>
Attached is 2 documents
1. presentation for the opportunity
2. the contract agreement [quotation omitted].
See Exhibit #3 and Exhibit #4

17) That Defendant Hamama had contacted Defendant Nafsu to register Defendant

Carstoysmovies in a newly created corporation, on 09-07-2016 Defendant Purph Studio

Inc, filed its article of corporation in the state of Michigan LARA, See **Exhibit #5**, then later

transferred and merged with Defendant ACHO on 12-15-2016 including different mailing

address to be now of Defendant ACHO see **Exhibit #6**, then Defendants dissolved

Defendant Purph Studio Inc. on 07-15-2019 see **Exhibit #7**. All the Defendants acted in

sneaky method manner by conspiring with one another in conjunction with each other, in

order to hide, steal, and coverup the whereabouts of Defendant Carstoysmovies from

Plaintiff NOOIC and Plaintiff Kalasho etc. Plaintiff NOOIC and Defendant ACHO had

secured active binding contractual agreement of 50% each, a binding agreement of

ownership of Defendant Carstoysmovies effective 11-30-2016, breached by Defendants in

December of 2017 by failing to make annual payments 50% of all financial profits to Plaintiff

NOOIC, the Defendants' non compliance with the binding contractual agreement in

conspiring with one another and acting in bad faith in practicing deceit, misrepresentation

fraud and gross negligence, intentionally causing hardship, harm, psychological hurt along

with financial injury upon Plaintiff NOOIC and Plaintiff Kalasho, making Defendants liable

for intentional, wrongful illegal acts amounting as if they are criminal in nature.

18) Plaintiff Kalasho received disturbing Email from Defendant Hamama prior to out

of court settlement that Defendant Hamama was very worried and scared from the contents

of the Email he had received that is being described below:

From: **Stav H.** <stavro319@hotmail.com>
Date: Fri, Nov 25, 2016 at 1:25 PM
Subject: Fwd: Your Smile was gone
To: Tom Kalasho <tkalasho@gmail.com>

Begin forwarded message:

> **From:** Nicholas krawiecko <nicholaskrawiecki@gmail.com>
> **Date:** November 25, 2016 at 12:07:10 PM EST
> **To:** Carstoysmovies@gmail.com
> **Subject: Your Smile was gone**
>
> Hey there buddy you were in such a great mood on Wednesday laughing with your
> brother hanging out on the bench. For some reason that laughter and smile
> disappeared when I got my default judgement you really want to owe me more than a
> quarter million dollars? do you really want to go to prison again? Do you honestly think
> that you're going to win this? And get to keep my channel even in somebody else's
> name. LOL buddy you have no idea what I got on you .did you honestly think me and

Justin we're never talking again did you honestly think he didn't record one single conversation over the phone that you had with him did you think he didn't send me one single email especially after you stopped talking to him over the phone and stop sending him emails from your personal email along with PayPal payments I have all the receipts a copy of every single email and Order you placed with him I also have every single IP address that you sent those emails from do you think I'm bluffing? Your attorney is just trying to milk you for more money. He admitted that you have the channel right in front of the court clerk after you left and asked him about that. Do you honestly think that we didn't get a hold of your Studio 71 Network and that we didn't talk to their attorneys and that they didn't tell us anything do you honestly believe that you two will not hand me the channel over after I send the judgment to Google Inc if you want to take it that far buddy which I have no problem with waiting I have all the time in the world you're going to be in Michigan State Prison and I'm going to be sending you Cars toys movies Christmas cards

19) That on september 2016, Plaintiff Kalasho began to work with than Attorney Jonathan Rosenthal (P-66851)(currently inactive) to be court's mouthpiece and to communicate with Attorney Jakub Szlaga (P-77759) regarding Exhibit #2 eventually Plaintiff worked out an out of court settlement agreement in same case being described within Exhibit #2 drafted and prepared Plaintiff Kalasho and accepted by all parties and their representative counsel. The out of court settlement agreement was put together and completely prepared by Plaintiff Kalasho and presented for execution see **Exhibit #8** see below Emails:

From: Jon Rosenthal <jonrosenthallaw@gmail.com>
Date: Wed, Jan 11, 2017 at 6:13 PM
Subject: Fwd: Stavro Proposed Settlement Agreement
To: Jakub Szlaga <jakub@phelpsszlagalaw.com>
Cc: Tahrir Kalasho <tkalasho@gmail.com>, Stavro H <stavro319@yahoo.com>, David
Rosenthal <phred1999@yahoo.com>

Jakub- Attached please find the settlement agreement with an added release. They actually have $35,000 in cashiers checks and money orders. Money for me too. Can I come to your office tomorrow?

---------- Forwarded message ----------
From: Tahrir Kalasho <tkalasho@gmail.com>
Date: Fri, Jan 6, 2017 at 12:01 PM
Subject: Stavro Proposed Settlement Agreement
To: Stavro Hamama <stavro319@yahoo.com>, Atty Jonathan F Rosenthal Esq <jonrosenthallaw@gmail.com>
Cc: Tahrir Kalasho <tkalasho@gmail.com>

Dear Stavro & Jonathan,

Please see attached ready for endorsement by Defendant & Plaintiff with each one of their prospective attorneys to sign & make Payment to Settle the case, if the attached require modification, I have included in word aside from PDF.

Please let's settle the case ASAP. Thank you.

From: **Jakub Szlaga** <jakub@phelpsszlagalaw.com>
Date: Mon, Jan 9, 2017 at 11:39 AM
Subject: Re: Firm date
To: Jon Rosenthal <jonrosenthallaw@gmail.com>
Cc: Stavro H <stavro319@yahoo.com>, David Rosenthal <phred1999@yahoo.com>, Tahrir Kalasho <tkalasho@gmail.com>

Jonathan et al,

We are preparing for the trial (preparing subpoenas, exhibits, etc, and line of questioning regarding the sale of the channel to a third party). If the money is paid on Wednesday, that is great. If not, so be it. Keep me posted.

Certain point in time Plaintiff Kalasho had to pay Atty Rosenthal in order to secure the out

of court settlement, because Defendant Hamama was too cheap see Email below:

From: Jon Rosenthal <jonrosenthallaw@gmail.com>
Date: Sat, Dec 17, 2016 at 1:40 PM
Subject: receipt
To: Tahrir Kalasho <tkalasho@gmail.com>

**Tahir Kalasho paid me $500.00 in legal fees.**
**Jonathan Rosenthal**

20) Apparently Defendant ACHO has transferred ownership of Defendant

Carstoysmovies in a way to mislead and Deceit Plaintiffs of the generated annual profit,

intentionally breaching contract, as Plaintiff Kalasho was able to know how much annual

profit generated by Defendant Carstoysmovies via. IRS filing see https://apps.irs.gov/app/eos/ and

put Defendant ACHO EIN number and it will show anyone who wishes to see the annual

report by any non-profit organization (public record). Annual profit for Defendant

Carstoysmovies generated in 2017 one year after ownership the amount that was

generated the full amount was $155,962.00 and the 2nd year of ownership the financial

profit for 2018 Defendant Carstoysmovies generated in the amount of $226,043.00 See

**Exhibit #9** when Plaintiff Kalasho confronted Defendant Wardia for his 50% annual share

per contractual agreement from the generated profit belonging to Plaintiff NOOIC,

Defendant Wardia who controls Defendant ACHO business of operation and its financial

matters, Defendant Wardia played the DUMMY role to the confrontation from Plaintiff

Kalasho. It is believed that Defendant Wardia along with Defendant Hamama had

transferred title and/or ownership of Defendant Carstoysmovies to undisclosed party,

person, or company or another non-profit, in order to hide and conceal from Plaintiffs the

on-going generated unlawful funds of Defendant Carstoysmovies, Defendant ACHO and

Defendant Wardia did not report any profit in 2019 and 2020 annual report with the IRS

when Defendant Wardia filed with the IRS for Defendant ACHO see **Exhibit #10**.

17

## **BREACH OF CONTRACT**

21) Plaintiffs hereby incorporates by reference, and reasserts and realleges each and every paragraph, ¶1 through ¶¶20 above, including all the Exhibits #1–#10 thereto, as they are fully stated and set forth herein.

22) Plaintiffs assert that all of the Defendants did work with one another and in conjunction with each other to gain and receive financial profits and benefits, while intentionally violating Plaintiffs various rights, including right to be free from intentional acts by committing wrong, knowingly Plaintiffs would incur damages and injuries, and psychological hurts and insults.

23) Plaintiff Kalasho has met and fully completed all of its various verbal and endorsed binding agreements and obligation to the agreement between Plaintiff Kalasho and Defendant Hamama and also between Plaintiff Kalasho and Defendant Wardia see ¶¶ 8-14, while Defendants were and continue to be conspiring with other Defendants did intentionally violate the binding contract agreement and totally disregard the rights of the Plaintiffs. Defendants caused various kinds of damaged injuries and hurt both psychological and financial hardship and injuries on Plaintiffs, psychological injuries are permanent in nature because Defendants were acting in bad faith throughout the entire time period 6 (six) years as indicated in this cause of action, causing permanent psychological injuries of mental anguish and emotional distress upon Plaintiffs.

24) Defendants have breached the Contract in that it has failed and refused to meet its binding agreement making payments, and its binding obligation in the agreement, allowing Plaintiffs to incur its rightful entitlements as beneficiaries under the various verbal and signed agreements causing intentional harm, injuries, and hurt.

25) Defendants have failed by acting in malicious acts of all of its required obligations under their responsibilities. Plaintiffs have suffered and continue to suffer severe permanent injuries and psychological damages as a direct and proximate result of Defendants' intentional breach of contract causing Plaintiffs psychological injuries of mental anguish, emotional distress, and financial hardship.

26) Defendants have breached the Contract in that it has failed and refused to meet its verbal and written signed agreement making payments, and its obligation in the binding agreement, allowing Plaintiffs to incur its rightful entitlements as beneficiaries under the binding verbal and endorsed agreement affecting Plaintiffs and created psychological injuries of mental anguish and emotional distress, aside from financial injuries.

**WHEREFORE,** Plaintiffs respectfully demand judgment for Compensatory and Exemplary damages against each and every Defendants in the amount that is in excess of Twenty Five Million (USD 25,000,000.00) Dollars against each of the Defendants jointly and severally, plus Punitive damages against the individual Defendants in the amount of Twenty Five (USD 25,000,000.00) Dollars, plus statutory interest, court costs, and attorney fees, in the **alternative** in the amount to be proven and provided at jury trial for **a.)** Compensatory damages for whatever amount found by the jury for each Plaintiff is found to be entitled for;

19

**b.)** Exemplary damages for whatever amount found by the jury for each Plaintiff is found to be entitled for; and **c.)** Punitive damages for whatever amount found by the jury for each Plaintiff is found to be entitled and any other and further relief as the court deems to be just, proper and allowable, including statutory interest and court costs and actual attorney fees provided by the statute.

Respectfully submitted,

Austin Hirschhorn, P.C President

*Austin Hirschhorn*

Attorney for the Plaintiffs,
Austin Hirschhorn, P C President
Austin M. Hirschhorn P15001
26903 York Rd
Huntington Woods, MI  48070-1371
Mobile: (248) 613-6130
E-mail: austin@austinnirschhorn.com
Website: http://www.austinhirschhorn.com

Dated: October 07, 2022

PURPH STUDIOS INC.
MR. CHRISTOPHER NAFSU
2449 W WATTLES RD
TROY, MI. 48098

*November, 30  2016*

### CEASE & DESIST

I Mr. Christopher Nafsu did purchase on or about May 01, 2016 from Mr. Stavro Hamama, the sole owner of CarsToysMovies Channel and all its rights of entitlements. My intentions were to sell investment shares to expand and build a brand new Studio facility in the City of Sterling Heights, knowingly that the first income from the same CarsToysMovies Channel in the approximate amount of Sixty Thousands ($60,000.00) Dollars would actually be the initial investments in order to begin the first step of my venture in the brand new Studio within the City of Sterling Heights, Michigan.

After many consults with venture professionals, many advised me that I should further consult with other venture professionals (e.g., architect, engineers, trusted advisers, lawyers, etc.) it was finally determined that the herein described investment stemming out of CarsToysMovies Channel would be leading me to a financial ruin or disaster and potentially puts me tied up in an Endless Legal Court civil battles.

Therefore, I hereby have chosen to fully dissolve, and surrender by handing over everything involving PURPH STUDIOS INC. (i.e., Michigan Corp. I.D. No. 07086H) and any related assets in CarsToysMovies Channel to  DONATING to a non-profit organization, by Donating everything, A total of one hundred (100%) percent of all of its rights, entitlements, revenues, including any royalties and any generated income ALL to be provided for immediate possession of the local Non Profit Organization in the name of: "ARABIC, CHALDEAN, HISPANIC, ORGANIZATION" a 501(c)(3) tax exempt and tax deductible. Which I am expected to receive a Tax Exempt Deductible Certificate. Thank you.

M·7 _____  11-30-16
MR. CHRISTOPHER NAFSU

### NOTARY PUBLIC

ACKNOWLEDGED BY  CHristopher NAFSU
BEFORE ME ON THE  30  DAY OF  November 2016
SIGNATURE _____
PRINTED NAME  CHRISTINE PHELPS
NOTARY PUBLIC  STATE OF MICHIGAN, COUNTY OF  Wayne

CHRISTINE PHELPS
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires Aug. 08, 2018
Acting in the County of Oakland

# Court Explorer

✏ Register of Actions                                                    ← Go Back

**Case Number**

2016-152346-CZ

**Entitlement**

KRAWIECKI BARTLOMIEJ vs. HAMAMA STAVRO

**Judge Name**

DAVID M. COHEN

**Case E-Filed**

YES

**Case Filed**

04/05/2016

**Case Disposed**

01/18/2017

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #2: (1-2) KRAWIECKI BARTLOMIEJ vs.
HAMAMA STAVRO, Case #: 2016-152346-CZ
Case Disposed: 01-18-2017 O. C. 6th C. Ct.

| Date | Code | Desc |
|------|------|------|
| 02/19/2022 | OJR | CASE REASSIGNED FROM JUDGE KUMAR TO JUDGE COHEN |
| 12/22/2021 | TMP | INTERIM JDG REASSIGN KUMAR TO SOSNICK |
| 04/19/2017 | ORD | ORDER FILED DISMISS CASE EVAL S/CAUSE |
| 03/22/2017 | OSC | ORDER SHOW CAUSE FILED RE CASE EVAL/POS |
| 02/21/2017 | OSC | ORDER SHOW CAUSE FILED RE CASE EVAL FEES |
| 01/18/2017 | FDD | FINAL DISP-DISMISS BY THE PARTIES |
| 01/18/2017 | STO | STIP/ORD FILED DISMISS |
| 12/01/2016 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 12/01/2016 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 11/16/2016 | SE | SCHEDULING ERROR |
| 11/16/2016 | APJ | ADJ-JUDGE 01202017 BY ORDER |
| 11/16/2016 | APR | DATE SET FOR SETTL CONF ON 03272017 08 30 AM Y 06 |
| 11/16/2016 | AID | ADJOURN FOR INVESTIGATION/DISCOVERY |
| 11/16/2016 | APC | ADJ-COUNSEL 02242017 TO 04102017 BY ORDER |
| 11/16/2016 | APR | DATE SET FOR TRIAL ON 04102017 08 30 AM Y 06 |

| Date | Code | Desc |
|------|------|------|
| 11/16/2016 | SO | SCHEDULING ORDER FILED /AMD |
| 11/16/2016 | ADJ | ORDER OF ADJOURNMENT FILED CASE EVAL/STP |
| 11/10/2016 | STO | STIP/ORD FILED PERMIT INSPECTION/COPYING |
| 10/11/2016 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 10/07/2016 | APR | DATE SET FOR CASE EVAL ON 12072016 2:00 PM |
| 10/06/2016 | WLT | WITNESS LIST FILED PLF/POS |
| 07/21/2016 | ORD | ORDER FILED RE EVID HRG |
| 07/20/2016 | APR | DATE SET FOR EVIDNT HRG ON 10122016 01 30 PM Y 06 |
| 07/18/2016 | RES | RESPONSE FILED MTN ENTRY DJM & REQ SANCT/BRF/HAMAMA |
| 06/30/2016 | MTN | MOTION FILED PLF/FOR ENTRY DJM |
| 06/30/2016 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 06/28/2016 | MPR | MOTION PRAECIPE FILED FOR 07202016 JUDGE 06 |
| 06/21/2016 | APR | DATE SET FOR PRETRIAL ON 01202017 08 30 AM Y |
| 06/21/2016 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 06/20/2016 | SO | SCHEDULING ORDER FILED |
| 06/18/2016 | SOP | SCHEDULING ORDER WRITTEN |
| 06/18/2016 |  | 10/07/2016 EXPERT DATE. |
| 06/18/2016 |  | 12/07/2016 CASE EVALUATION DATE. |
| 06/18/2016 |  | 10/07/2016 WITNESS DATE. |
| 06/18/2016 |  | 12/07/2016 MOTION DATE. |
| 06/18/2016 |  | 11/07/2016 DISCOVERY DATE. |
| 06/18/2016 |  | 02/24/2017 TRIAL DATE. |
| 06/18/2016 | APR | DATE SET FOR TRIAL ON 02242017 08 30 AM |
| 06/15/2016 | AFD | AFFIDAVIT & DEFAULT FILED |
| 05/13/2016 | SUM | P/S ON SUMMONS FILED 05/05/16 |
| 04/25/2016 | SI | SUMMONS ISSUED |
| 04/05/2016 | C | COMPLAINT FILED |

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #2: (2-2) KRAWIECKI BARTLOMIEJ vs.
HAMAMA STAVRO, Case #: 2016-152346-CZ
Case Disposed: 01-18-2017 O. C. 6th C. Ct.



## DISTRIBUTION AGREEMENT

The following represents a mutual agreement made on July 15, 2016, by and between Janson Media, Inc. with offices at The Cunningham House, 118 Main Street, Tappan, NY 10983 USA (hereinafter "Distributor") and Steven Hanna with offices at 5661 Livernois Rd Troy, MI 48098 (hereinafter "Licensor"). Licensor hereby grants to Distributor the distribution rights to the program defined herein (the "Program") pursuant to the following Summary and Standard Terms and Conditions.

### SUMMARY

**PROGRAM**        Cars Toys Movies

**TERM**        The Term of agreement shall be for a period of three (3) years, and shall commence after delivery and acceptance of all master files and materials described in the Deliverables section of this Summary. The Agreement shall be automatically renewed in two (2) year increments, unless terminated by either party in writing no less than ninety (90) days prior to the next expiration date.

**RIGHTS**        Licensor grants to Distributor the non-exclusive right to license the Program for all forms of VOD (Video-on-Demand), including TVOD (Transactional VOD) whether DTO (Download to Own) or DTR (Download to Rent), SVOD (Subscription VOD), AVOD (Advertiser-supported VOD).

**PLATFORMS**        Amazon Video

**TERRITORIES**        Worldwide - (Licensor reserves the right to geo-restrict territories outside of The United States. All geo-restrictions must be delivered to Distributor in writing within 30 days of desired territory restriction date)

**ROYALTIES**        Distributor shall pay Licensor royalties representing eighty percent (80%) of the gross receipts derived from the licensing of the Program, subject only to the deduction of closed captioning costs ($2 per minute of captioned content), if Distributor must create (closed captions for the hearing impaired) files.



CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #3: (1-4) Janson Media 07-15-2016

**DELIVERABLES**

A. ProRes 422, or comparable high-quality, video files of the Program (all episodes, if a series), meeting the following specifications:
   - o   Program file, of the original language version of the Program, with all titles, subtitles, lower thirds, and end credits intact.
   - o   Program files must be seamless (no commercials or commercial blacks).
   - o   Program Files must start with the first frame of content, and NOT have any bars, tone, or slate.
   - o   Closed-captioned .SCC file(s) for the hearing impaired paired to the Program file(s) timecode.
   - o   Audio: Program File(s) must have audio track assignments as follows:
     - Channel 1: Full audio mix [full mix stereo L]
     - Channel 2: Full audio mix [full mix stereo R]
   - o   Program Files should be in their original frame rate, resolution and aspect ratio.
   - o   Program Files should be delivered on Mac-formatted portable hard drives, or via FTP. Portable hard drives will not be returned.

   > If the Pro Res master video files have technical faults, Distributor will request replacement files, and Licensor shall deliver them promptly at its own expense.

B. ProRes 422, or comparable high-quality, video file of the trailer for the program/series (or the opening 5-minute segment), for screening and promotional purposes.
C. Photoshop image file(s) of the Key Art (title graphic) for the Program. Photoshop files must have all separate layers.
D. A selection of no less than 2 and no more than 5 high-resolution RGB JPEG images, with rights cleared for publicity use.
E. Digital files of the designs and elements of any existing promotional materials. Photoshop files must have all separate layers.
F. Completed metadata form (sent via email).

Distributor and Licensor hereby acknowledge their agreement and consent to all the terms and conditions contained herein.

**DISTRIBUTOR**
Janson Media, Inc.

By   _____        Date   _____

**LICENSOR**
Steven Hanna

By   _____        Date   _____

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #3: (2-4) Janson Media 07-15-2016

Janson Movies Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #3: (3-4) Janson Media 07-15-2016

## STANDARD TERMS AND CONDITIONS

### 1. GRANT OF RIGHTS AND TERRITORIES

Licensor hereby grants to Distributor the right to execute, in its own name, during the Term, all contracts for the exploitation of the "Rights" as defined in the Summary herein, on the "Platforms" and in the "Territories" as defined in the Summary herein.

### 2. DELIVERABLES

Licensor shall, at its own expense and immediately upon execution of this Agreement, provide the Distributor with the Deliverables, described in the Summary herein.

### 3. LICENSOR'S WARRANTIES, REPRESENTATIONS & INDEMNITIES

Licensor hereby warrants and represents that:

A. Licensor has the exclusive right and title to the Program.

B. Licensor has the exclusive right to grant the Rights to the Program granted herein, including but not limited to, all necessary literary, artistic, musical and/or intellectual property rights, and is free to enter into this Agreement without reference to any other person, firm or corporation. The person executing this Agreement on behalf of Licensor is fully empowered to so execute the Agreement.

C. The statements in connection with the Rights contained in this clause shall remain true for the Term of the Agreement and for the term of all licenses entered into pursuant to this Agreement.

D. The Program does not contain material of any nature that is defamatory of any person, firm or corporation.

E. Licensor owns and/or has obtained all permissions, consents, rights and releases necessary for the exercise of Distributor's rights hereunder, and Distributor's exercise of such rights shall not infringe upon the rights of any person, firm or corporation, including but not limited to copyright, literary right, dramatic right, contract right, trademark, unfair competition, privacy or publicity rights, or give rise to any actionable claim by any third party, including, without limitation, any claim for libel, slander or defamation, nor shall it give rise to the payment of any sums to any third party by Distributor or Distributor's licensees. Furthermore, Licensor has paid, or will pay, any residual, royalty or reuse fees, or taxes, license fees or any other charges that are payable or may become payable by Distributor's exercise of its rights hereunder.

F. Licensor has not, nor will it, enter into any Agreement in conflict with the rights granted to Distributor under this Agreement.

G. Licensor has affixed to the Program Master appropriate notices of copyright, and shall take reasonable steps to protect all copyrights pertaining to the Program from infringement.

Licensor shall indemnify Distributor and hold it and its licensees harmless from and against all costs, claims, damages, liabilities and expenses, including reasonable

legal expenses, howsoever arising from any breach of any representation or warranty made by Licensor hereunder, or from the use or exploitation of any Rights granted hereunder.

### 4. DISTRIBUTOR'S OBLIGATIONS & INDEMNITIES:

A. The Distributor agrees to use prudent business efforts during the Term of the Agreement to effect distribution of the Program throughout the Territory, however Distributor makes no representations with respect to the level of revenue that may be obtained for the Program.

B. Distributor shall not make or authorize others to delete the copyright notice.

C. Distributor shall indemnify Licensor and hold it harmless from and against all costs, claims, damages, liabilities and expenses, including reasonable legal expenses, howsoever arising from any breach of any representation or warranty made by Distributor hereunder.

### 5. DISTRIBUTOR'S RIGHTS:

Distributor shall have the following rights in and to the Program to:

A. Add Distributor's logo to the front and/or end of the Program.

B. Advertise, publicize and promote and authorize others to advertise, publicize and promote the Program, including the participation of all persons appearing in or rendering services to the Program. Such advertising or promotion may include internet broadband streaming of excerpts or segments from the Program not to exceed five (5) minutes each.

### 6. ROYALTIES:

A. Distributor shall pay Licensor royalties representing a percentage of the gross receipts derived from the licensing of the Program, as defined in the Summary herein. Gross receipts shall be actual revenues received by Distributor from its licensees, converted to US dollars at the time of transfer, after deduction of bank transfer fees, if any.

### 7. CONTRACTS & ACCOUNTING:

A. When Royalties are due for the period, Distributor will send quarterly reports to the Licensor of all revenues actually received by Distributor from the exploitation of the Program, each quarterly report to be accompanied by a check for the sum representing the Royalties due for the period. Such report and payment shall be made within sixty (60) days of the close of each quarterly period.

A. Licensor shall be entitled, at its expense, to examine or audit the Distributor's books and records, at Distributor's principal place of business, upon giving reasonable notice to Distributor of its intention to do so.

### 9. CONFIDENTIALITY

Neither Distributor nor Licensor shall disclose to any third party (other than its licensees or on a need-to-know basis

to their respective employees in their capacity as such) any information with respect to the financial terms and provisions of this Agreement, except to the extent necessary to comply with the law or the valid order of a court of competent jurisdiction, in which event the party making such disclosures shall seek confidential treatment of such information; or as part of its normal reporting or review procedure, as applicable, to its auditors and its attorneys, provided, however, that the auditors or attorneys agree to be bound by the provisions of this Section; or as part of its permitted distribution of the Program; or to enforce its rights pursuant to this Agreement.

## 10. ASSIGNMENT

This Agreement will be binding upon and inure to the benefit of Distributor and Licensor and their respective successors and assigns; provided, however, that no rights under this Agreement may be assigned by Distributor or Licensor without the prior written consent of the other party, which consent may not be unreasonably withheld. No assignments will relieve the assignor of any liability hereunder.

## 11. RELATIONSHIP BETWEEN THE PARTIES:

This agreement shall not constitute a partnership or joint venture between the parties hereto.

## 12. CHOICE OF LAW

This Agreement will be governed by and construed under the laws of the State of New York applicable to agreements executed and performed entirely within the State of New York.  Distributor and Licensor hereby submit to the jurisdiction of the state and federal courts in the State of New York for the purpose of resolving any dispute arising out of or resulting from this Agreement.

## 13. AGREEMENT ENTIRE AND COMPLETE:

This Agreement is entire and complete and contains the entire understanding between the parties hereto in connection with the exploitation of the Program, and shall not be modified except in written documents signed by both parties.



CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #4: (1-14) Amazon Platform,
Via. Janson Media 07-01-2016

# Amazon Video

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #4: (2-14) Amazon Platform,
Via. Janson Media 07-01-2016

CARSTOYSMOVIES Civil Complaint
VI.O.O.I.C. et al. vs. YouTube LLC. et al.,
J.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #4: (3-14) Amazon Platform,
/ia. Janson Media 07-01-2016



# Benefits of a Janson Media Partnership for Amazon Video

This presentation is designed to outline Janson Media's expertise with Amazon Video distribution, viewership optimization, and monetization.

Amazon Video

Amazon Video



# 10+ year relationship with Amazon

Janson Media is one of the few authorized, trusted and preferred content suppliers for Amazon Video.

Janson Media was one of Amazon's first digital content partners when they launched their initial VOD service called "Amazon UnBox" in 2006.

4



Amazon Video

# Amazon Video Revenue Models

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #4: (5-14) Amazon Platform,
Via. Janson Media 07-01-2016

5

# Amazon Video
# Available Territories

Currently available for VOD in:
The United States, The United Kingdom, Germany &
Japan

Amazon Video

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #4: (6-14) Amazon Platform,
Via. Janson Media 07-01-2016

6

# Amazon Video



## Revenue

Janson Media earns a higher "per view" royalty rate from Amazon Video, versus the current Amazon Video Direct royalty rate of $0.15 per hour viewed.

Working with Janson Media guarantees your content more revenue immediately.



## Optimization

With over 600 unique titles currently available on Amazon Video, we understand the platform and can make use of this vast data to fully optimize your content for its best viewership and revenue potential.

## Digital Assets

We store your digital assets on a secure server. Janson Media manages the entire technical quality control process from on-boarding your content to delivering to Amazon's required specifications and guidelines.

## Management

From copyright infringement to analyzing viewership reports to easily access with future Amazon Video products, your content gets the priority service when partnering with us.

7

CARSTOYSMOVIES Civil Complaint
V.O.O.I.C. et al vs. YouTube LLC, et al.,
J.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #4: (7-14) Amazon Platform,
/ia. Janson Media 07-01-2016

Amazon Video

# More Revenue.
# Guaranteed.



Why working with Janson Media for your Amazon Video distribution **guarantees** you more revenue, even after our share of revenue.

**01**

## Higher Royalty Rate

**//** Amazon has granted Janson Media a significantly higher "per view" royalty versus the current Amazon Video Direct royalty rate of $0.15 per hour streamed.

**//** Working with Janson Media grants your content access to this higher royalty rate and guarantees you more revenue than with the Video Direct service.

**02**

## Higher Viewership

**//** We know the Amazon Video platform well. With 10 years of experience, our optimization and marketing of your content on Amazon Video will generate more views which will generate more revenue for you.

8

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC, et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #4: (8-14) Amazon Platform,
Via. Janson Media 07-01-2016

Amazon Video

# Digital Asset Management



Your content and files are secure with us.

**01**

## File Management

*//* Janson Media, securely stores all of your content's Amazon Video assets with encrypted backups.

*//* File editing, transcoding, closed caption creation, art development and preparation for delivery to Amazon are all completed in house at Janson Media.

**02**

## File Delivery

*//* Amazon has specific formats and guidelines for delivery which, Janson Media adheres to and updates if necessary. This ensures that your content will pass Amazon's quality control and go live as quick as possible on Amazon Video.

9

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC, et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #4: (9-14) Amazon Platform,
Via. Janson Media 07-01-2016

Amazon Video

# Optimized
# for success.

Jonson Media excels at optimizing your content on the Amazon Video platform to gain the greatest viewership potential, which enables the maximum revenue.



## Metadata
// Amazon Video has specific metadata that is a significant factor for Amazon's search results. We optimize this data word by word.



## Artwork
// Artwork is a very important factor on Amazon's VOD service. We optimize all artwork, currently 3 sizes for required for all Amazon Video titles.



## Amazon Marketing
// Jonson Media has access to Amazon's in house marketing team. We often request our content to be featured on content specific Amazon landing pages to drive more awareness.



## Data Analysis
// We make use of our vast Amazon Video data compiled of over 600 titles to continuously apply new optimization techniques to your content for its greatest success.

CARSTOYSMOVIES Civil Complaint
V.O.O.I.C. et al. vs. YouTube LLC. et al.,
J.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #4: (10-14) Amazon Platform,
/ia. Janson Media 07-01-2016

10

Amazon Video



## Rights Management
// From copyright infringement monitoring to geo-restricting territories or working on specific VOD rights, we do it.



## Royalty Reports
// Proprietary reporting database to analyze and clearly outline your content's revenue by territory and asset.



## Up To Date
// When Amazon releases new products or expands into new territories, Janson Media gets first access and so will your content.

CARSTOYSMOVIES Civil Complaint
V.O.O.I.C. et al. vs. YouTube LLC. et al.,
J.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #4: (11-14) Amazon Platform,
/ia. Janson Media 07-01-2016



**Amazon Video**

A Few of our Partners for
Amazon Video

12

**// Cineflix Rights**

Cineflix Rights is the UK's largest independent TV
content distributor with a growing catalogue of 4,600
hours of globally appealing programs.

**// Cartoon Universe**

Toonverse is an animation and cartoon channel
broadcast by CJ E&M in South Korea. Toonverse
started airing in December 1995 and is currently one of
the leading animation tv networks in South Korea.

**// RT Russia Today**

RT, originally Russia Today, is one of the largest
Russian television networks operating cable and
satellite tv channels directed to audiences outside
of Russia.

**// ABS-CBN**

ABS-CBN is the oldest television broadcaster in
Southeast Asia and one of the oldest commercial
television broadcaster in Asia. It is also the leading
television network in the Philippines.

**// ARTE**

ARTE Sales is the distribution arm of the leading
European public television channel, ARTE. Offering
over 2,000 hours of documentaries produced for ARTE.

**// Joy of Painting**

The Joy of Painting is an American half-hour
instructional television show hosted by painter Bob
Ross which ran from 1983 to 1994. In each of the 401
episodes, Ross taught techniques for landscape oil
painting, completing a painting in each session.



CARSTOYSMOVIES Civil Complaint
V.O.O.I.C. et al vs. YouTube LLC, et al.
J.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #4: (12-14) Amazon Platform,
/ia. Janson Media 07-01-2016

Amazon Video

## Janson Media
## **knows** Amazon Video

# amazon

### // Make use of our experience and relationship

Partnering with Janson Media for your Amazon Video distribution will guarantee you more revenue and less stress. We know the platform well and we generate more revenue guaranteed.

Working with us is an easy and fully transparent relationship.

13

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #4: (13-14) Amazon Platform,
Via. Janson Media 07-01-2016

Amazon Video

# Get Started Today

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al vs. YouTube LLC, et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #4: (14-14) Amazon Platform,
f/a. Janson Media 07-01-2016

14

# MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS

## FILING ENDORSEMENT

This is to Certify that the **ARTICLES OF INCORPORATION - PROFIT**

for

**PURPH STUDIOS INC.**

**ID NUMBER:   07086H**

received by facsimile transmission on September 1, 2016 is hereby endorsed.

Filed on September 7, 2016 by the Administrator.

This document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.



Sent by Facsimile Transmission

*In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 7th day of September, 2016.*

*Julia Dale*

**Julia Dale, Director**
**Corporations, Securities & Commercial Licensing Bureau**

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #5: 09-07-2016 Purph Studio Inc.
Registered in MI. USA ID #: 07086H

# MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS

## FILING ENDORSEMENT

This is to Certify that the CERT. OF CHANGE OF REG. OFF./RES. AGENT

for

**PURPH STUDIOS INC.**

**ID NUMBER:   07086H**

received by facsimile transmission on December 7, 2016 is hereby endorsed.

Filed on December 15, 2016 by the Administrator.

This document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.



Sent by Facsimile Transmission

In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 15th day of December, 2016.

*Julia Dale*

**Julia Dale, Director**
**Corporations, Securities & Commercial Licensing Bureau**

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #6: 12-15-2016 Purph Studio Inc.
Cert. Of Change Of Reg. Off./Res. Agent
Registered In MI. USA ID #: 07086H

LARA H....    Contact  .ARA    O.... e S....    T.    TI.gov

# LARA | Corporations Online Filing System
### Department of Licensing and Regulatory Affairs

---

**ID Number: 801986455**          [ Request certificate ]  [ Return to Results ]  [ New search ]

**Summary for:  PURPH STUDIOS INC.**

**The name of the DOMESTIC PROFIT CORPORATION:**  PURPH STUDIOS INC.

---

**Entity type:**  DOMESTIC PROFIT CORPORATION

**Identification Number: 801986455  Old ID Number: 07086H**

---

**Date of Incorporation in Michigan:**  09/07/2016

---

**Purpose:** All Purpose Clause

---

**Date of Dissolved: 07/15/2019**                    **Term:**  Perpetual

---

**Most Recent Annual Report:**                **Most Recent Annual Report with Officers & Directors:**

---

**The name and address of the Resident Agent:**

Resident Agent Name:       ARABIC CHALDEAN HISPANIC ORGANIZATION

Street Address:            28005 GREENFIELD RD

Apt/Suite/Other:

City:              SOUTHFIELD         State:  MI           Zip Code:    48076

**Registered Office Mailing address:**

P.O. Box or Street Address:

Apt/Suite/Other:

City:                                State:              Zip Code:

---

**Act Formed Under:**  284-1972 Business Corporation Act

---

**Total Authorized Shares: 60,000**

---

**Written Consent**

---

**View filings for this business entity:**

ALL FILINGS
ANNUAL REPORT/ANNUAL STATEMENTS
ARTICLES OF INCORPORATION
RESTATED ARTICLES OF INCORPORATION
RESTATED ARTICLES OF INCORPORATION

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
J.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #7: (1-2) Dissolvement Of Purph Studio Inc. To ACHO
Dated: 07-15-2019 New ID #: 801986455 Old ID #: 07086H

[ View filings ]

---

**Comments or notes associated with this business entity:**

LARA FOIA Process    Transparency    Office of Regulatory Reinvention    State Web Sites

Michigan.gov Home    ADA    Michigan News    Policies

Copyright 2022 State of Michigan

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #7: (2-2) Dissolvement Of Purph Studio Inc. To ACHO
Dated: 07-15-2019 New ID #: 801986455 Old ID #: 07086H

# SETTLEMENT AGREEMENT

This settlement agreement and general release is made between Bartlomiej Krawiecki (Plaintiff), and Stavro Hamama (Defendant) and their respective agents, In consideration of the mutual promises and obligations of the parties, it is fully agreed that:

1. Payment. The Defendant agrees to pay Plaintiff $40,000 in settlement of the complaint filed in Oakland Circuit Court in case no. 16-152346-CZ and in full satisfaction of all claims of Plaintiff arising out of the litigation. Defendant will barrow $35,000 and shall be paid in full on the execution of this agreement. The remaining $5,000 shall be paid to Plaintiff by Defendant in full within 90 days of execution of this agreement.

2. Stipulation of Dismissal. The parties agree to execute, by their attorneys, a stipulation for dismissal with prejudice and without costs or attorney fees to either party for the purpose of disposing of the pending litigation. On execution of this agreement and payment of all amounts, the Company shall, through its attorneys, promptly file the stipulation with the court and return a true copy to Plaintiff's attorneys.

3. By this stipulation settlement agreement as described herein the Plaintiff has chosen to dissolve, surrender, and give up all of plaintiff legal rights towards the following but not limited to: A) MR. STAVRO HAMAMA and whoever he is affiliated and or part of that is involved this cause of action., B) CARSTOYSMOVIES YOUTUBE CHANNEL https://www.youtube.com/carstoysmovies. and finally C) any affiliated parties including 3rd parties being involved with A, & B. In terms of time period this applies indefinitely, where plaintiff can never bring any kind of litigation "lawsuit, ect." against A,B, & C. That are being described herein including slander of any kind or simple complaint coming from Plaintiff, directly or indirectly in any way of shape and form.

4. Voluntary Act. Parties represents that they had adequate time to review the terms of this settlement agreement and general release, that they have thoroughly discussed all aspects of this settlement agreement and general release with their respective attorneys, that they understand all of its provisions, and

that they are freely and voluntarily entering into this agreement.

5. Entire Agreement. This settlement agreement and general release contains the entire agreement between the parties, and its terms are intended to be contractual and not merely a recital.

6. No Admission of Liability. The parties agree that the execution of this settlement agreement and general release shall not be construed as an admission by either party of any act of wrongdoing or any liability of any kind, all liability and wrongdoing being expressly denied.

PS. **NOTE:** Any violation of this agreement by anyone including 3rd party would hold the violators to be liable for compensation and civil litigation toward the violator.


Dated: 01/06/2017


_____               _____
BARTLOMIEJ KRAWIECKI  (Plaintiff)          Attorney JAKUB SZLAGA



Dated:  01/06/2017


_____               _____
STAVRO HAMAMA (Defendant)                Attorney JONATHAN ROSENTHAL




CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #8: (2-2) Out Of Court Settlement Agreement RE
CARSTOYSMOVIES Prepared By T. Kalasho 01-06-2017

Electronic copies (images) of Forms 990, 990-EZ, 990-PF or 990-T returns filed with the IRS by charities and non-profits.

> **Tax Year 2018 Form 990**

**Organization Name:**
Arabic Chaldean Hispanic Organiztion

**EIN:**
27-0511476

**Tax Period:**
201812

**Return ID:**
515290

**Filing Type:**
E

**Return Type:**
990

**Copy of Return:**
2018 Form 990 Filing

> **Tax Year 2017 Form 990EZ**

**Organization Name:**
Arabic Chaldean Hiparic Organiztion

**EIN:**
27-0511476

**Tax Period:**
201712

**Return ID:**
515289

**Filing Type:**
E

**Return Type:**
990EZ

**Copy of Return:**
2017 Form 990EZ Filing

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #9: IRS Filing Income For ACHO 2017-2018

Organizations who have filed a 990-N (e-Postcard) annual electronic notice. Most small organizations that receive less than $50,000 fall into this category.

> **Tax Year 2020 Form 990-N (e-Postcard)**

**Tax Period:**
2020 (01/01/2020 - 12/31/2020)

**EIN:**
27-0511476

**Legal Name (Doing Business as):**
Arabic Chaldean Hispanic Organization

**Mailing Address:**
25005 GREENFIELD RD
SOUTHFIELD, MI 48076
United States

**Principal Officer's Name and Address:**
thaier emanuel garcia

2029 HESP
SOUTHFIELD, MI 48076
United States

**Gross receipts not greater than:**
$50,000

**Organization has terminated:**
No

**Website URL:**
www.acho1.org

> **Tax Year 2019 Form 990-N (e-Postcard)**

**Tax Period:**
2019 (01/01/2019 - 12/31/2019)

**EIN:**
27-0511476

**Legal Name (Doing Business as):**
Arabic Chaldean Hispanic Organization

**Mailing Address:**
25005 Greenfield rd
Southfield, MI 48076
United States

**Principal Officer's Name and Address:**
THAIER EMANUEL GARCIA

4355 John R
Southfield, MI 48076
United States

**Gross receipts not greater than:**
$50,000

**Organization has terminated:**
No

**Website URL:**
acho1.org

CARSTOYSMOVIES Civil Complaint
N.O.O.I.C. et al. vs. YouTube LLC. et al.,
U.S. Dist. Ct. E. D. of MICH. S. Division
Exhibit #10: IRS Filing Income For ACHO 2019-2020