UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL ORGANIZATION OF
IRAQI CHRISTIANS and TAHRIR S.
KALASHO,

       Plaintiffs,

v.

YOUTUBE, LLC, et al.,

       Defendants.

Case No. 22-12702
Honorable Laurie J. Michelson

---

## ORDER DISMISSING COMPLAINT

The National Organization of Iraqi Christians and Tahrir Kalasho say that they were owed 50% of all "profits, funds, shares and ownership right[s]" derived from CarsToysMovies videos. (ECF No. 1, PageID.9.) They shared ownership of CarsToysMovies with Stavro Hamama. (*Id.*) As the Court understands the complaint, instead of sharing the profit derived from the CarsToysMovies videos, Defendants, which include Hamama, YouTube, LLC, Google, Inc., the Arabic Chaldean Hispanic Organization, Janson Media Inc., Amazon, Thair Emanuel Wardia, Steven Hanna, Purph Studios Inc., and Christopher Nafsu, conspired to reproduce the videos on their platforms and to retain financial profit from these videos that was instead owed to Plaintiffs. (*Id.*)

After reviewing the complaint, the Court was concerned that it lacked subject-matter jurisdiction. (*See generally* ECF No. 5.) The Court noted that the complaint stated that the Court had federal-question jurisdiction, but provided no factual

allegations to support the federal claims. (ECF No. 5, PageID.75 ("It is not sufficient for Plaintiffs to merely name constitutional amendments in their complaint.").) Further, most of these federal claims can only be asserted against state actors for rights denied during criminal prosecution, so it seemed unlikely that Plaintiffs could establish such claims based on the allegations and defendants in the complaint. (*Id.* at PageID.76.) And Plaintiffs had not pled complete diversity to establish diversity jurisdiction. (*Id.* at PageID.77.)

So pursuant to its "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *see Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (cited by *Akno 1010 Market St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022)), the Court ordered Plaintiffs to show cause as to why the Court had subject-matter jurisdiction. The show-cause response was due December 2, 2022.

To date, Plaintiffs have not responded. Thus, for the reasons explained previously, and given the lack of response to the show-cause order, the Court DISMISSES the complaint for lack of subject-matter jurisdiction.

SO ORDERED.

Dated: December 8, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE